Zobel, J.
As a result of Defendant’s negligence, goods which Plaintiff was holding for sale suffered damage. Having recouped some of its loss by means of salvage sales, Plaintiff argues that the measure of damages should be the retail price (i.e., the price at which Plaintiff was offering the goods to the public at the time of the loss), less the salvage recovery. Defendant posits the damages as the wholesale price (i.e., the price at which Plaintiff originally purchased the goods), net of salvage.
Plaintiffs damages are the fair market value at the date of loss (minus salvage). However, Plaintiff is entitled only to be made whole, that is to be restored to as good a position as it was in before the fire occurred, Wall v. Platt, 169 Mass. 398, 405 (1897). If the measure were the retail value, Plaintiff would receive a sum which necessarily included the margin between that value and the cost to Plaintiff of replacing the goods. By allowing Plaintiff to pocket the differential, this disposition would place Plaintiff in a better situation than if the loss had not occurred. Put another way, before the loss, Plaintiff had no guarantee that any of the goods would sell (none of them being subject to a pre-existing sales contract); it would be unfair to guarantee Plaintiff now what was then only a possibility.
The amount Plaintiff receives should enable it to replace the goods it has lost, but nothing more.
Because the jury, given alternative special questions, found that if cost were the valuing measure, Plaintiff suffered no damage, Plaintiff is entitled only to the sum the jury found as damages to the premises (as opposed to the goods), viz., $7,148.
ORDER
Accordingly, it is Ordered, that Judgment enter for Plaintiff in the sum of $7,148.00, with interest and costs.